This is a case of reformation. In 1923, two men bought each one-half of a parcel of land which had a frontage of 70 feet on the street, a depth of 100 feet, and a rear line of 55.10 feet. The scrivener who drew the deeds misdescribed the line dividing the plot into two lots, so that there was conveyed to one purchaser 3,500 square feet of land, and to the other, a lot of only 2,755 square feet. Nobody at the time, or for many years, appears to have noticed the mistake. As soon as the two men took title, the grantee of the smaller lot erected a garage close to what he and his neighbor supposed to be the dividing line, but which extended four or five feet beyond the line described in the deeds. The next year he conveyed his lot to the plaintiffs by a deed that contained the same description as in his deed. Soon after plaintiffs took possession, the original purchaser of the adjoining lot put up a fence on the line that divided the whole plot into equal halves and not the line desrcibed in the deeds. Thereafter, he sold his land and, after one or two mesne conveyances, title to his lot vested in the defendants. *Page 21 
In all these deeds, the original description was copied. Then, in 1943, the defendants discovered that their deed called for more land than they were in possession of, and they demanded that plaintiffs move their garage. They responded by bringing suit. The Chancery Division decreed that the deeds be reformed and the defendants appeal.
The defendants urge as ground for reversal that they bought all the land described in their deed without notice of the mistake or of plaintiffs' equitable title. When defendants bought their lot, the garage and the fence which I have mentioned, were in place, and the plaintiffs were living in the house on their lot, in open possession of the garage and of the land on their side of the fence. Their possession put the defendants on notice of whatever title the plaintiffs had in the land beyond the fence. Hinners
v. Banville, 114 N.J. Eq. 348 (E. A. 1933). The defendants, when about to buy, noticed the fence and the garage and felt no concern, for they were planning to buy only the property on their side of the fence. Then, when they received their deed, they assumed that it included only the premises that they had inspected and had agreed to purchase. Not until four or five years later did they discover that their deed included more land. Their defense cannot prevail, since they paid nothing for the additional land and since they had constructive notice of plaintiffs' equity.
Counsel are agreed that a second mistake has occurred — this time in the descriptions contained in the judgment of the Chancery Division. The judgment may be modified so as to correct that mistake and, as modified, it will be affirmed. *Page 22